**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ROSETTA M. HALL,<br>    Appellant, | DOCKET NUMBER<br>CH-3443-18-0182-I-1 |
|   v. | |
| DEPARTMENT OF AGRICULTURE,<br>    Agency. | DATE: May 3, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rosetta M. Hall, Florissant, Missouri, pro se.

John Hippe, Esquire, St. Louis, Missouri, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1  The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      After more than 22 years of military service with the U.S. Navy, the appellant accepted a civilian position within the Department of the Navy effective December 2, 2002. Initial Appeal File (IAF), Tab 3, Subtab 1, Tab 7 at 14-15. On January 27, 2003, the Department of the Navy adjusted the appellant's leave service computation date to May 25, 2002, to account for her prior military service. IAF, Tab 3, Subtab 2. On June 3, 2010, the Department of the Navy removed the appellant under 5 U.S.C. chapter 75. *Hall v. Department of the Navy,* MSPB Docket No. CH-0752-10-0712-C-1, Compliance File (0712 CF), Tab 1 at 13. The appellant filed a Board appeal, and the parties reached a settlement agreement under which the appellant agreed to resign in exchange for a clean record. *Id*. at 13-15. The appellant resigned effective October 23, 2010. IAF, Tab 3, Subtab 4. On February 12, 2012, the appellant was reinstated to a position within the Department of Veterans Affairs, with a leave service computation date of March 20, 2004. *Id*., Subtabs 5-6. On January 25, 2015, the

appellant transferred to a Human Resources Assistant position with the Department of Agriculture, which is the respondent agency in this appeal. *Id.*, Subtab 8. Her service computation date remained March 20, 2004. *Id.*

¶3     On January 25, 2018, the appellant filed the instant Board appeal to dispute the agency's calculation of her service computation date. IAF, Tab 1. She requested a hearing. IAF, Tab 5 at 7. The administrative judge notified the appellant that the Board might lack jurisdiction over her appeal. IAF, Tab 4 at 2. Nevertheless, she noted several types of appeals in which the Board could have jurisdiction to review the correctness of a service computation date: (1) a reduction in force (RIF) appeal; (2) an appeal from a final agency decision affecting the appellant's rights and benefits under the Civil Service Retirement System or Federal Employees' Retirement System; (3) an individual right of action appeal; (4) a Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) appeal; and (5) a Veterans Employment Opportunities Act of 1998 (VEOA) appeal. IAF, Tab 11 at 1-4. She ordered the appellant to file evidence and argument on the jurisdictional issue. *Id.* at 4-5.

¶4     The appellant responded, asserting multiple bases for jurisdiction, including violation of the settlement agreement reached in her prior appeal, discrimination and retaliation under USERRA, denial of veterans' preference under VEOA, and retaliation under the Whistleblower Protection Act (WPA). IAF, Tab 12 at 5-6, 16. The agency responded as well, requesting that the Board dismiss the appeal for lack of jurisdiction. IAF, Tab 13. After the close of the record, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 14, Initial Decision (ID). She found that the dispute concerning the appellant's service computation date was not directly appealable to the Board, and although she acknowledged the appellant's assertion that she had filed a whistleblower complaint with the Office of Special Counsel, she found that she was not claiming that the alleged misidentification of her service computation date was retaliatory, but rather that it was an error. ID at 3-4.

¶5    The appellant has filed a petition for review in which she again appears to assert multiple bases for jurisdiction, including the WPA, USERRA, VEOA, the RIF regulations of the Office of Personnel Management (OPM), and the aforementioned settlement agreement.  Petition for Review (PFR) File, Tab 1. The agency has filed a response, arguing that the appellant has failed to establish Board jurisdiction over her appeal and has not shown that she was adversely affected by any leave-related action.  PFR File, Tab 3.  After the close of the record on review, the appellant moved that the Board accept additional evidence regarding her military service credit and service computation date.  PFR File, Tab 4.

## ANALYSIS

The appellant's Motion to Accept Additional Information is denied.

¶6    Under 5 C.F.R. § 1201.114(e), a reply to a response to a petition for review must be filed within 10 days after the date of service of the response.  In this case, the agency served its response on May 23, 2018, which made the deadline for reply June 4, 2018.[3]  PFR File, Tab 3.  Under 5 C.F.R. § 1201.114(k), the record on review closes upon the expiration of the period for filing the reply to the response to the petition for review.  Accordingly, the record on review closed on June 4, 2018.  On June 18, 2018, the appellant moved to submit additional information concerning her military service credit and service computation date. PFR File, Tab 4.  Based on the appellant's description of this evidence, we find that it would not change the outcome of the appeal.  *Id*. at 4.  Because the appellant has not shown that this evidence is new and material, her motion is denied.  *See* 5 C.F.R. § 1201.114(k); *see also Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (defining "material evidence").

---

[3] Ten days from May 23, 2018, was Saturday, June 2, 2018.  Therefore, the filing deadline was the next business day, Monday, June 4, 2018.  *See* 5 C.F.R. § 1201.23.

<u>The Board lacks jurisdiction over the appellant's claim in the context of a RIF appeal.</u>

¶7    On petition for review, the appellant argues that her service computation date could affect her RIF rights, and that the agency may correct any error in her service computation date before a RIF is implemented. PFR File, Tab 1 at 12-14. Although the appellant is correct that the agency is not required to await a RIF before making make any corrections to her record, this does not mean that the Board has jurisdiction over this matter before a RIF is actually implemented. Absent a RIF, the Board has no authority to assume a priori jurisdiction under OPM's RIF regulations as the appellant contends. An employee must first be the subject of a RIF action before the Board's jurisdiction can be invoked, and there is no indication in the record of this case that the appellant has been subjected to a RIF action. *Kelly v. Office of Personnel Management*, 53 M.S.P.R. 511, 516-17 (1992); *see* 5 C.F.R. § 351.901.

<u>The appellant has not established jurisdiction over her appeal under USERRA.</u>

¶8    On petition for review, the appellant renews her pro forma allegation that the agency has violated USERRA's anti-discrimination and anti-retaliation provisions. PFR File, Tab 1 at 10; IAF, Tab 12 at 5-6. However, it is not clear to us whether the appellant is alleging that the matters relating to her service computation date are the product of uniformed service discrimination and reprisal for protected activity under USERRA, or whether she is referring to matters already addressed in her previous USERRA appeals. PFR File, Tab 1 at 10, 16; IAF, Tab 1 at 5-7, Tab 5 at 5, Tab 12 at 5-6, 10-11, 13; *Hall v. Department of Agriculture*, MSPB Docket No. CH-4324-17-0097-I-1; *Hall v. Department of Veterans Affairs*, MSPB Docket No. CH-3330-14-0049-I-1. In any event, a pro forma invocation of USERRA is not sufficient to establish USERRA jurisdiction. *Durand v. Environmental Protection Agency*, 106 M.S.P.R. 533, ¶ 10 (2007).

<u>The appellant has not established jurisdiction over her appeal under VEOA.</u>

¶9    On petition for review, the appellant renews her argument that her veterans' preference rights have been violated. PFR File, Tab 1 at 10, 15; IAF, Tab 12 at 6. However, as with her USERRA allegations, it is unclear whether she is alleging that the matters related to her service computation date constitute a veterans' preference violation or whether she is referring exclusively to matters already addressed in her previous VEOA appeals. PFR File, Tab 1 at 10, 15-16; IAF, Tab 12 at 6, 10-13, 26; *Hall v. Department of Agriculture*, MSPB Docket No. CH-3330-17-0069-I-1; *Hall*, MSPB Docket No. CH-3330-14-0049-I-1. Furthermore, as the appellant is aware from her prior appeals, a prerequisite to Board jurisdiction over a VEOA claim is that the appellant first exhaust her administrative remedies with the Department of Labor (DOL). *Mims v. Social Security Administration*, 120 M.S.P.R. 213, ¶ 23 (2013); *see* 5 U.S.C. § 3330a(d). There is no indication in the record that the appellant has filed a veterans' preference complaint with DOL concerning her service computation date.

<u>The appellant's allegation of a breach of settlement agreement is not properly before the Board in the context of the instant appeal.</u>

¶10    On petition for review, the appellant renews her argument that the Department of the Navy has breached the October 19, 2010 settlement agreement entered into in a prior appeal. PFR File, Tab 1 at 8-10; IAF, Tab 5 at 4, Tab 12 at 5. This matter is not properly before the Board in the instant appeal for several reasons, including that the Board's regulations provide that such allegations of breach be brought as petitions for enforcement under the procedures of 5 C.F.R. part 1201, subpart F, and that the respondent agency in this appeal is not a party to the settlement agreement at issue. In any event, we take notice that the appellant's allegation of breach has already been considered as a petition for

enforcement in an addendum proceeding to the appeal in which the agreement was entered into the record.[4] *Hall*, MSPB Docket No. CH-0752-10-0712-C-1.

<u>The remaining authorities upon which the appellant relies are not sources of Board jurisdiction.</u>

¶11    The appellant appears to assert jurisdiction under several additional theories, including violations of the Merit System Principles, Chapter 6 of OPM's Guide to Processing Personnel Actions, and various statutes covered under 5 U.S.C. § 2302(b)(1). PFR File, Tab 1 at 10. None of these laws or rules provide an independent basis for Board jurisdiction. *See Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 15 (2007); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[4] On July 9, 2019, the administrative judge in the addendum proceeding issued a compliance initial decision denying the appellant's petition for enforcement. *Hall v. Department of the Navy*, MSPB Docket No. CH-0752-10-0712-C-1, Compliance Initial Decision (CID) at 1, 7 (July 9, 2019); 0712 CF, Tab 33. Neither party filed a petition for review of the compliance initial decision, which became final on August 13, 2019. CID at 7.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

   http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                             _____
                             Jennifer Everling
                             Acting Clerk of the Board

Washington, D.C.